UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BALTAS, : | | |
| Plaintiff, : | CASE NO. 3:19-cv-1043 (MPS) | |
| : | | |
| v. : | | |
| : | | |
| HECTOR RIVERA, et al., : | | |
| Defendants. : | | |
| : | AUGUST 26, 2020 | |
| : | | |

**RULING AND ORDER**

Plaintiff Joe Baltas has filed a motion to compel production of all items included in his request for production of documents. The defendants contend that the motion should be denied for failure to comply with the requirements of Rule 37 of the Federal Rule of Civil Procedure and the District of Connecticut Local Court Rules. In addition, they argue that the motion should be denied on the merits. In reply, the plaintiff states that the COVID-19 pandemic has interfered with his good faith attempts to resolve the discovery issues. The Court elected to review the motion on the merits and directed the defendants to further address the plaintiff's discovery issues. For the following reasons, the plaintiff's motion to compel is denied.

The remaining claims in this action are for denial of due process against all five defendants relating to his confinement in restrictive housing on Chronic Discipline status for eighteen days; retaliation against five defendants; use of excessive force and failure to intervene against defendants Rivera and Harris regarding use of a chemical agent, the cell extraction, and application of restraints; deliberate indifference to medical needs against defendants Rivera and

Harris; and supervisory liability against defendants Black and Green. All claims relate to a period of confinement from November 30, 2018 through January 22, 2019. *See* Initial Review Order, ECF No. 10.

The plaintiff is dissatisfied with the defendants response to his request for production of four categories of items: (1) all email messages relating to him; (2) all of his medical records from 2006 through the present; (3) all rules, regulations, policies, procedures, unit directives, memoranda, and training materials regarding use of force; and (4) all memoranda from the Department of Correction and Hartford Correctional Center regarding the plaintiff while housed there during the relevant time period.

Email Messages

The plaintiff requested all email messages "to and/or from and/or between" the defendants relating to him. ECF No. 37 at 8. The defendants objected to the request as vague and overbroad. The requests were not restricted to email messages relating to the incidents underlying this action. *Id.* In his motion to compel, the plaintiff states that only that he requested email messages sent by specific persons where he was the subject of the message. The plaintiff also complains that the approximately 150 messages provided include many forwarded copies of about 15-20 messages.

In response, the defendants state that they provided all emails including the plaintiff's name or inmate number that were "even tangentially related to the plaintiff's remaining claims or factual allegations." ECF No. 56 at 3. They state that duplication was unavoidable as production of all emails within these parameters specified necessarily encompassed some reply email chains. The defendants note that the plaintiff has used some of the email messages

2

provided in his motion for summary judgment. The Court concludes that the defendants' response was in accordance with the plaintiff's request. As the plaintiff requested email messages from all defendants, the Court finds the duplication unavoidable and find no evidence that the duplication was intended to deceive the plaintiff or the Court. The motion to compel is denied as to this request.

<u>Medical Records</u>

The plaintiff requested his complete medical file from 2006 to the present. ECF No. 37 at 9. The defendants noted that the plaintiff's claims relate only to a period from late 2018 to early 2019 and objected to the request as overbroad and unduly burdensome. *Id.* at 10. In his motion to compel, the plaintiff states his entire medical record is necessary because the defendants denied his alleged history of asthma and negative reactions to the use of chemical agents. *Id*. at 2.

In response, the defendants state that they provided the plaintiff his medical records for the period from February 2018 through January 2019. ECF No. 56 at 4. The plaintiff's medical history is relevant to the use of a chemical agent on December 7, 2018. He argues that his medical records will show that he has a history of asthma and that the records contain a contraindication to the use of a chemical agent. The issue in this case is whether use of a chemical agent was contraindicated in December 2018, not whether it was contraindicated at any time during the fourteen prior years. The Court concludes that if the plaintiff's asthma was severe enough to warrant a contraindication for use of a chemical agent, that information would be noted in the plaintiff's medical file during the ten months before the incident. If the plaintiff believed that a longer period was needed, he could have tried to narrow his request, which he did

not do, or could have requested other records.  As the records are his, the plaintiff always had the ability to request copies of his medical file.  The motion to compel is denied as to this request.

### Use of Force Materials

The plaintiff requests all materials relating to use of force.  ECF No. 37 at 10.  The defendants objected to the request as overbroad and not restricted in time.  In addition, they argue that producing all documents would endanger the safety and security of correctional staff, inmates, the facilities, and the general public as the plaintiff could use the information to undermine the effectiveness of the procedures and could share the information with other inmates.  *Id.* at 10-11.  In his motion to compel, the plaintiff states that all these materials are needed to address the defendants' claim that they acted with an objective belief that their actions did not violate his rights and that they are protected by qualified immunity.  *Id.* at 3.  He argues that he is serving a sentence of 115 or 95 years and has had only seven inmate fights and only one assault on staff.  He states that he needs all information to show that there were rules prohibiting the conduct of the defendants in this case.  ECF No. 43 at 3.

Federal courts repeatedly have found good cause to restrict inmate access through discovery to information implicating institutional safety and security.  *Gardner v. University of Conn. Health Ctr.*, No. 12-CV-1168 CSH, 2013 WL 6073430, at *2 (D. Conn. Nov. 18, 2013) (citations omitted).  The court must balance the inmate's professed need for the information with the effect of disclosure on institutional safety and security.

The defendants contend that the plaintiff's disciplinary history for assault is more extensive and direct the Court to a declaration submitted in support of their motion for summary judgment which details the security concerns associated with the plaintiff.  For example,

searched of his cell revealed lists of names of correctional staff and witnesses along with instructions for a bomb that could be made from items available in prison. ECF Nos. 56 at 4 and 45-10. The defendants have provided a copy of Administrative Directive 6.5, entitled Use of Force. They note that the plaintiff has not indicated any other documents or otherwise narrowed his request. The Court finds that Directive 6.5 addresses the use of force at issue in this case and will accomplish the plaintiff's stated purpose for the request. The plaintiff could have narrowed his request to the force at issue here or submitted interrogatories to identify any other related materials. He did not do so. The motion to compel is denied as to this request.

<u>Memoranda Relating to Plaintiff's Confinement at Hartford Correctional Center</u>

Finally, the plaintiff sought all memoranda from the Department of Correction or Hartford Correctional Center relating to him during the time relevant to this action. ECF No. 37 at 12. The defendants objected to the request as overbroad and unduly burdensome noting that the request was not narrowed to the issues in this action. *Id.* at 12-13. In his motion to compel, the plaintiff states that the request is restricted to him and covers only a narrow time period. He argues that the documents are needed to show that the defendants were aware of his claims. *Id.* at 4.

The defendants state that they have provided copies of all relevant incident reports. The plaintiff states that he "is particularly aware" that defendants Rivera and Black issued memoranda regarding the conditions in restrictive housing. ECF No. 43 at 4. In response, the defendants state that other internal memoranda describing, *inter alia*, the restrictions associated with his Chronic Discipline placement, were included as attachments to the email messages. In

5

light of the defendants' representation and the plaintiff's failure to narrow his request, the motion to compel is denied as to this request.

The plaintiff's motion to compel [**ECF No. 37**] is **DENIED**.

**SO ORDERED** at Hartford, Connecticut, this 26th day of August 2020.

                                                           Michael P. Shea
                                                           United States District Judge