UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BALTAS,<br>　　　　Plaintiff, | : | CASE NO. 3:19-cv-1043 (MPS) |
| v. | : | |
| HECTOR RIVERA, et al.,<br>　　　　Defendants. | : | NOVEMBER 18, 2020 |

## RULING AND ORDER

Plaintiff Joe Baltas has filed a motion seeking reconsideration of the ruling granting in part the defendants' motion for summary judgment. He contends that the Court overlooked matters in deciding the excessive force and due process claims.

I.　Standard of Review

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This District's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1. "Reconsideration is not intended for the court to

reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

II.     Analysis

Mr. Baltas seeks reconsideration on three grounds: the Court overlooked his argument and evidence regarding his initial placement on chronic discipline status, the Court failed to address his arguments regarding defendant Rivera's motivation regarding the use of force, and the Court erred by failing to allow oral argument on the motion for summary judgment and drawing inferences in the defendants' favor rather than his own.

   A.     Chronic Discipline Placement

Mr. Baltas first argues that the Court overlooked his argument regarding his initial placement on Chronic Discipline status. He states that he asserted this challenge in another case, *Baltas v. Frenis*, No. 3:18-cv-1168(VLB), and referenced it in his arguments in this case.

Mr. Baltas' challenge to his initial placement on chronic discipline status is included in *Baltas v. Frenis* as Count VII of the Amended Complaint. *See Baltas v. Frenis*, ECF No. 21 at 11. That case is scheduled for trial in January 2021. *Id.*, ECF No. 103.

Mr. Baltas did not include a challenge to his initial placement on chronic discipline status in this case. To the contrary, his complaint alleges that he was placed on chronic discipline status on April 20, 2018 and that he was "removed from Chronic and returned the General population" while housed at Cheshire CI in October 2018. ECF No. 1 para. 20. His complaint makes clear that this case stems from his dispute with Rivera about whether he had been

2

*removed* from chronic discipline status before he arrived at HCC, not about whether he was initially properly placed on chronic discipline status in April 2018.  See, e.g., ECF No. 1 at para. 24 ("The Plaintiff then informed Lt. Rivera that he was taken off Chronic before he left the state and that even if he had still been on Chronic prior to his departure AD 9.4 Sec. 18(B) requires a new hearing before he could be placed back on Chronic.").

Further, in his motion for reconsideration of the Initial Review Order in this case, Mr. Baltas specifically stated that his due process claim was directed to his classification to Chronic Discipline status upon his *return* to Connecticut in December 2018 and his placement on Administrative Detention in January 2019.  ECF No. 13 at 2-3.  In the ruling granting the motion for reconsideration in part, the Court stated that the due process claim encompassed only the December 2018 and January 2019 placements.  ECF No. 33 at 3, 5.  Mr. Baltas cannot now amend his complaint to include a challenge to his initial classification to chronic discipline status in April 2018 by including an argument in a memorandum.  *See Uddoh v. United Healthcare*, 345 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (plaintiff cannot amend complaint in motion or memorandum to assert new claims) (citing cases).   Thus, as Mr. Baltas' initial classification to chronic discipline status is not a claim in this case, his argument that the Court failed to consider a claim asserted in this case is without merit.

The Court addressed Mr. Baltas' argument that he had been removed from chronic discipline status before his return to Connecticut in December 2018.  As the Court explained and Mr. Baltas now argues, Director of Classification and Population Management David Maiga is the only person who could remove him from chronic discipline status.  However, Mr. Baltas did not name Director Maiga as a defendant in this case.  The record evidence, including evidence

submitted by Mr. Baltas, shows that defendant Rivera made inquiries and learned that correctional records showed that Mr. Baltas remained on chronic discipline status. Mr. Baltas identifies no authority requiring defendant Rivera to further examine those records to verify the accuracy of the information conveyed to him. The Court concludes that Mr. Baltas is attempting to relitigate his claim, which is not permitted on a motion for reconsideration.

    B.   <u>Excessive Force Claim</u>

Mr. Baltas challenges the Court's treatment of his excessive force claim in several ways. He first contends that the Court overlooked an instance of defendant Rivera striking him with the BOT in determining that defendant Rivera followed the required process. Although Mr. Baltas claims that the instance is clearly visible on the video footage, he is mistaken. During the time the BOT was used, Mr. Baltas had obstructed the window of his cell. Thus, he was not visible on the footage and there is no evidence that defendant Rivera struck him with the BOT.

Mr. Baltas argues that the use of force was unnecessary as defendant Rivera could have acceded to his demands and called a supervisor. This argument is merely an attempt to reargue the claim, which is not permitted on a motion for reconsideration.

Mr. Baltas also states that he presented evidence of malicious intent regarding defendant Rivera's use of force. He generally describes statements, threats, and visible anger on the video footage to support his claim. The Court has reviewed the video footage again. Defendant Rivera remained calm throughout the use of force incident and repeatedly explained to Mr. Baltas what would happen if he did not comply with the order to remove the obstruction and exit the cell. There is no evidence on the video footage of malicious intent. As Mr. Baltas has not identified any evidence the Court overlooked, the motion for reconsideration is denied on this ground.

C.      Oral Argument

Mr. Baltas argues that oral argument is mandatory on a motion for summary judgment and refers the Court to the Connecticut Practice Book. The Connecticut Practice Book provides the rules of procedure for cases in state court. Cases in federal court proceed under the Federal Rules of Civil Procedure. The fact that oral argument may be required in state court is irrelevant.

A party has no right to oral argument on a motion for summary judgment in federal court. *Skalafuris v. City of New York Dep't of Corr.*, 437 F. App'x 54, 55 (2d Cir. 2011) (holding that district court's decision not to permit oral argument was within court's discretion) (citing *Greene v. WCI Holding Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (per curiam)). The motion for reconsideration is denied on this ground.

D.      Inferences

Finally, Mr. Baltas claims in conclusory fashion that the Court erred by drawing all inferences in favor of the defendants. He provides no examples to support his claim. The Court decided the cross-motions for summary judgment based on the evidence presented in support of each motion. Mr. Baltas was not entitled to have inferences drawn in his favor where he failed to present admissible evidence to support his allegations. The Court did draw inferences in his favor from the evidence that was in the record. The motion for reconsideration is denied on this ground.

III.    Conclusion

The plaintiff's motion for reconsideration [**ECF No. 83**] is **DENIED**.

Finally, this case is referred to mediation with a magistrate judge. And because Mr. Baltas has not indicated that he wishes for counsel to be appointed to represent him at the

5

mediation, as the Court invited him to do, the Court will not appoint counsel to represent him in the mediation.

**SO ORDERED** at Hartford, Connecticut, this 18th day of November 2020.

/s/
Michael P. Shea
United States District Judge