UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BALTAS, | : | |
|     Plaintiff, | : | CASE NO. 3:19-cv-1043 (MPS) |
| | : | |
| v. | : | |
| | : | |
| HECTOR RIVERA, et al., | : | |
|     Defendants. | : | |
| | : | July 16, 2021 |
| | : | |

**RULING AND ORDER**

Plaintiff Joe Baltas has filed a motion seeking sanctions or criminal investigation and prosecution against the defendants, counsel, and David Maiga for altering documents. For the following reasons, the plaintiff's motion is denied.

I. <u>Standard</u>

The plaintiff does not cite any authority for his request for sanctions. As he refers to documents filed in federal cases, the Court assumes that the plaintiff seeks sanctions under Rule 11 of the Federal Rule of Civil Procedure. Rule 11 provides: "By presenting to the court a pleading ... or other paper ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the factual contentions have evidentiary support ...." Fed. R. Civ. P. 11(b)(3). Rule 11(c) and the court's inherent powers afford the court the power to assess sanctions when a party "has made a false statement to the court and has done so in bad faith." *SEC v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013). The factual misrepresentation must be "utterly lacking in support."

*StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) (internal quotation marks and citation omitted). The applicable standard is one of objective reasonableness; it is not based on the subjective beliefs of the person making the statement. *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003).

II.   Analysis

    A.   Request for Investigation and Prosecution

The plaintiff has no constitutional right to have the defendants criminally investigated or prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *McCrary v. County of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316-17 (W.D.N.Y. 2004) ("There is ... no constitutional right to an investigation by government officials.") (internal quotation marks and citation omitted). The plaintiff's request for a criminal investigation and prosecution is denied.

    B   Request for Sanctions

The plaintiff cites two examples of allegedly altered documents, his movement record and a chronic discipline release form. He also alleged that Director Maiga submitted a perjured declaration disavowing the plaintiff's second document.

The Court first considers the movement record. In the first copy, dated January 3, 2019, the plaintiff's movement on that date is listed as "READMISSION, FROM CUSCOM." In the second copy, dated November 4, 2019, the entry for January 3, 2019 states "RETURN FROM

CUSCOM." The plaintiff contends that, after he filed this action, the defendants, counsel, and Director Maiga altered the form so it would not reflect a readmission.

In opposition, the defendants state that the entry on January 3, 2019 was made by custodial staff during intake at the correctional facility. Those entries are reviewed for accuracy the following day by a records specialist and any incorrect coding is corrected. *See* Tugie Decl., ECF No. 113-1 ¶ 5. The defendants also note that correctional records show that the plaintiff was admitted to the Department of Correction in 2006 and has not been discharged from his sentence. *Id.* ¶ 9. The plaintiff presents no evidence of completion of his sentence. In his reply, he merely argues that the defendants are attempting to mislead the court.

As the plaintiff fails to present evidence that he was discharged from his sentence prior to January 3, 2019, he has not shown that the use of readmission rather than return in the initial report entry was other than a coding error by correctional staff. Both records indicate that the plaintiff was returning to the facility from CUSCOM, *i.e.*, he was being transferred under an interstate corrections compact. *See Baltas v. Rivera*, No. 2:19-cv-1043(MPS), 2020 WL 6199821, at *3 n.3 (D. Conn. Oct. 22, 2020). Further, he presents no evidence showing when the record was changed. The most his evidence shows is that the entry was changed between January 3, 2019 and November 4, 2019. Thus, the plaintiff fails to show that the record was altered in response to his filing of this lawsuit on July 1, 2019 instead of on review in early January 2019. The motion for sanctions is denied with regard to the movement record.

The plaintiff has submitted two versions of a Chronic Discipline release record. The plaintiff states in his motion that both forms were signed by the warden on October 22, 2019 and by Director Maiga on October 24, 2019. However, the copies he attaches to his motion as

3

Exhibits 3 and 4 appear to have been signed by the Unit Administrator on April 18, 2018 and Director Maiga on April 20, 2018. *See* Pl.'s Mot., ECF No. 111, Ex. 3 & 4. He compares these forms to another form, submitted as Ex. 5. The form in Ex. 5, completed in 2017, is different from the forms in Ex. 3 and 4, requiring signatures in different places. The form in Ex. 5 does not support the plaintiff's argument.

In his motion, the plaintiff contends that Director Maiga and counsel altered a document that showed Director Maiga approved the plaintiff's release from Chronic Discipline status on October 24, 2019. As the plaintiff submits no form with an October 24, 2019 signature by Director Maiga, the plaintiff provides no factual support for his argument. The motion for sanctions is denied as to the Chronic Discipline documents.

Further, whether the plaintiff was released from Chronic Discipline for completion of the program or transferred from Chronic Discipline to Administrative Segregation is not the issue in this case. As the Court previously explained, the issue was what defendant Rivera knew at the time the plaintiff returned to Hartford Correctional Center. *See* Ruling on Motion for Reconsideration, ECF No. 85 at 3-4.

Finally, the plaintiff contends that Director Maiga committed perjury when he denied knowledge of the report indicating that the plaintiff had completed the Chronic Discipline Program and denied that the signature approving the release was his. The plaintiff has presented the document but has not provided any evidence that it is an authentic Department of Correction record or that the signature at the bottom of the form, in a space designated for the Unit Administrator, is that of Director Maiga. Thus, he provides no evidence of perjury and his motion is denied.

III. <u>Conclusion</u>

The plaintiff's motion for sanctions [**ECF No. 111**] is **DENIED**.

**SO ORDERED** at Hartford, Connecticut, this 16th day of July 2021.

/s/
Michael P. Shea
United States District Judge